In re CUTTING.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

1. TRUSTEES—RESIGNATION—INFANT DEFENDANTS—SERVICE OF NOTICE.

On a trustee's petition of resignation, the court has jurisdiction of the person of an infant cestui que trust, where the proceedings stand for further hearing on the original order to show cause, after a reversal of an order accepting the resignation, where service of the order to show cause was made on the infant as directed by the court, and a guardian ad litem for the infant was appointed on his application after such reversal.

2. SERVICE OF NOTICE—SPECIAL PROCEEDINGS.

Under rule 37, prescribing a time for the service of notice of all motions unless a shorter time should be prescribed under Code Civ. Proc. § 780, a shorter time may be prescribed on a motion in a special proceeding, though the section does not apply to special proceedings.

3. SAME—APPEAL.

An order, under rule 37 and Code Civ. Proc. § 780, in a special proceeding, providing for a notice of a motion of less than eight days, on affidavit showing grounds therefor, will be sustained, unless it is clear that the court abused its discretion or some special injustice resulted from the order.

**4. TRUSTEES—RESIGNATION—PETITION—PROOF.**

Under Gen. Laws, c. 46, § 92, authorizing an acceptance of a trustee's resignation on his petition therefor, it is error to accept a resignation without proof of the facts alleged in the petition, where a cestui que trust is an infant, or the petition is not admitted by an adult cestui que trust.

Appeal from special term, New York county.

Proceeding by William Bayard Cutting against Eleanor Margarette Hamilton and others to be discharged as trustee under the will of Charles Kennedy Hamilton, deceased. From an order accepting Cutting's resignation as trustee, the guardian ad litem of one of the cestuis que trustent appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Morris A. Tyng, for appellant.

George Zabriskie, for respondent.

RUMSEY, J. In the month of August, 1898, the trustee presented to this court his petition asking for leave to resign as such, for reasons therein stated. An order to show cause was granted, prescribing the manner of the service to be made upon those persons shown by the petition to have an interest in the trust estate. The proceeding came on to be heard, and resulted in an order granting the prayer of the petitioner. From that order an appeal was taken to this court, and it was reversed, with leave to the petitioner to renew the application upon the petition and the order to show cause. The order of reversal was made at the March term, 1899. It does not appear that any further proceedings were taken in the matter until the 6th of June, 1899, when the court, upon the application of Eleanor Margarette Hamilton, the principal cestui que trust, made an order appointing George B. Morris her guardian ad litem in this proceeding, after which, on the 15th day of November, 1899, the trustee procured an order to show cause—returnable in less than eight days—why the prayer of the petition should not be granted. This order directed the manner of its service upon those persons who appeared to be the necessary parties in the proceeding, and service was made as so prescribed.

At the hearing, objection was made to the jurisdiction of the court for the reason that the order to show cause did not comply with rule 37, because it failed to state any reason why the hearing should be brought on in less than eight days. In addition to this objection, the guardian ad litem of the cestui que trust filed an answer which he insists puts in issue various allegations of the petition. The court overruled the objection taken to the jurisdiction, holding that the justice who granted the order to show cause has authority so to do, and, without passing upon the questions raised by the answer of the infant cestui que trust, granted the prayer of the petitioner, and accepted his resignation as trustee, and appointed a referee to settle his accounts. From this order the guardian ad litem of the infant cestui que trust appeals. None of the other persons who appeared at the special term has appealed, and the questions presented here, therefore, are only such as con-

cern the interest of the infant cestui que trust, who is the principal beneficiary; being entitled to all of the income of the estate during her life.

The first point made by the appellant is that the court had no jurisdiction in this matter, so far as she was concerned. In the original order to show cause, dated in August, 1898, directions were given as to the mode of its service upon the infant, who was at that time just over 15 years of age, and the service was made in accordance with that direction. Subsequently the infant applied to the court for the appointment of the guardian ad litem to represent her in these proceedings, and such appointment was made in June, 1899. At that time the first order accepting the resignation of the trustee had been reversed, and the proceeding stood for further hearing upon the original order to show cause. The court then had jurisdiction not only of the subject-matter of the proceeding, but of the person of the infant cestui que trust; and when the guardian ad litem had been appointed for her in a proper manner, as was done, that jurisdiction became complete, so that the court was at liberty to proceed in the matter.

The appellant further objects to the order to show cause, which was made returnable in less than eight days, because sufficient grounds were not shown for it. Rule 37 of the general rules of practice applies, not only to motions, but to all matters for argument which are to be brought on at special term, and fixes the time of the notice required, unless a shorter time should be prescribed by the judge or court under section 780 of the Code of Civil Procedure. While it is quite true that that section by its terms applies only to an action, and does not include a special proceeding, yet rule 37 includes all motions and questions for argument at special or trial terms, and is not confined to actions, but includes special proceedings within its terms, and it prescribes the only rule which exists for bringing on a hearing in a special proceeding of which the court has already had jurisdiction. We think, therefore, that all motions in these proceedings must be brought on for hearing upon the notice required by rule 37, and that, if it is necessary to bring them on in a shorter time than that fixed in the rule, such an order to show cause as is prescribed in section 780 may be granted, under the authority of the rule, upon an affidavit showing grounds therefor. Whether sufficient grounds exist for such an application lies for determination in the discretion of the court to whom it is made, and unless it is quite clear that such discretion has been abused, or that some special injustice has resulted from the order, an appellate court would be loath to overrule his discretion. Upon the application for this order there were before the judge not only the petition then made, but the petition on the former application, which showed, in our judgment, a sufficient reason for shortening the time of the notice for this hearing; and the learned trial justice at the special term was therefore correct in overruling this objection.

But we do not think that it was proper practice to accept the resignation of this trustee without requiring him to make proof of

the facts alleged in his petition. By section 92 of the real property law (Gen. Laws, c. 46), it is provided that the supreme court has power, subject to the regulations established for the purpose in the general rules of practice, on his application by petition or in an action, to accept the resignation of a trustee, on such terms as may be just. The statute permits a trustee to obtain his discharge either by petition or by action, but the same rules apply with regard to the proof of the allegations he makes, whether he has made his application by petition, and they are set forth in it, or by an action, and they are stated in a complaint. In either case the resignation, if accepted, must be upon such terms as are just. But the acceptance of the resignation of a trustee is not a matter of course. Unless he shows some good reason, the court will not discharge him. Craig v. Craig, 3 Barb. Ch. 76. It is necessary in every case that the facts constituting a sufficient reason for accepting his resignation be established. The mere allegations of the petition are not sufficient for that purpose, especially when there is an infant cestui que trust. Such allegations have no greater force than have the allegations of a complaint, and, if such were the pleading upon which this proceeding was based, there is no doubt but that the court should take proof, as it should in every case where equitable relief is asked, whether the party is an infant or an adult. But in this case the allegations of the petition are denied, and the guardian ad litem insists that no sufficient reason exists for the granting of the relief. The denial is sufficient in form. When a trustee elects to make his application by petition, its allegations do not establish the truth of the facts set out in it, but simply give to the court the reasons upon which he proposes to proceed to obtain his relief. For all practical purposes, it is a complaint. When, therefore, a cestui que trust, being brought into court, denies the facts and the allegations of the petition, he has made an issue, and is entitled to have common-law proof made of the facts set out in the petition, and to have an opportunity to meet that proof and answer it if he can. This is the rule whether the defendant be an infant appearing by guardian ad litem, or an adult who opposes the granting of the relief asked by the trustee. In the case of Reed v. Allerton, 3 Rob. (N. Y.) 551, the supreme court had accepted the resignation of a trustee, and discharged him from his trust, ex parte, upon his application merely. It appeared, however, by the petition that all of the cestuis que trustent had been paid what they were entitled to under the trust deed, and that they had no further interest in the matter. The question presented to the court was whether the supreme court had jurisdiction to discharge the trustee upon that petition, and it was held that, so far as the mere question of jurisdiction was concerned, the court had, by virtue of the statute, full power to act when the petition had been presented. But the court say that the better practice sanctioned in such cases seems to be to order a reference to inquire into the facts and circumstances under which the resignation is offered; citing the case of In re Miller, 15 Abb. Prac. 277. In that remark we fully concur. Not only is it the better practice, in our

judgment, either for the court to take proof of the facts alleged in the petition, or to send the matter to a referee, but the cases, if they exist, are very rare where the court should undertake to accept the resignation of a trustee without requiring proof of the facts and circumstances surrounding the transaction, so that it may be assured, not only that sufficient grounds exist for accepting the resignation, but that it may be able to determine what terms are just, before granting the discharge. We think, therefore, that it is error, in cases where a cestui que trust is an infant, or where the allegations of the petition are not admitted by an adult cestui que trust, not to require such proof.

The court below erred, therefore, in granting this petition without taking proof, in face of the objections of the guardian ad litem. For this error the order should be reversed, and the matter should be sent back to the special term, either to take proof of the facts stated in the petition, or to appoint a referee for that purpose, with costs to the appellant to abide the event. All concur.